

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

October 14, 1944

Honorable E. L. Hinson, Jr.
County Auditor, Polk County
Livingston, Texas

Dear Sir:

Opinion No. 0-6223
In Re: Can salaries of county
officials be raised after once
being set under the salary law?
Can county officers make changes
within the objects covered by
the budget? Reports of Sheriff
for mileage of personal automo-
bile used for official business.

We have received your opinion request of recent date
and quote from same as follows:

"(1) Under the Officers Salary Fund Law,
where a county of a population of Polk County
which is 20,000 plus, and the salaries of the
county officials were set at the time the
county began under the Officers Salary Fund
according to the law, can the Commissioners'
Court raise the salary of any official of the
County?

"(2) When the Budget is set and approved
by the Commissioners Court for each officer of
the county and each office has its budget
itemized as postage, deputy hire, bond premium,
car allowance, must the county official stay
within his budget as itemized or stay within
it as a Grand Total? I mean by this, if a
certain amount is set aside for deputy hire,
can he only spend that amount for deputy hire
or can he spend his whole grand total budget
just for deputy hire if he wishes?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. E. L. Hinson, Jr., page 2

"(3) Where the sheriff receives 4¢ per mile for cars for county business, can the county auditor require him make a daily mileage report on forms furnished by the auditor showing all personal mileage and all mileage for county and to be reported to the auditor each month before he gets his pay?"

Our answer to your Question No. 1 is as follows:

The Commissioners' Court has the right and authority to fix the salaries of the officers named in Section 13, Art. 3912e, at any amount not less than the total sum earned as compensation by the officer in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935, and when such salaries have once been fixed by the Commissioners' Court for said officers, they cannot be changed during that year; however, the Commissioners' Court may change the salaries of said officers for the following year, provided such salaries are not less than the total sum earned as compensation by the officer in his official capacity for the fiscal year 1935; and not more than the maximum amount allowed such officer under laws existing on August 24, 1935. Answering your question specifically, if such salaries are not now set at the maximum amount allowed such officer under laws existing on August 24, 1935, they can be raised to such maximum amount for the year 1945.

For further information on this question, including the text of pertinent statutes, see attached copies of our opinions, Nos. O-1595, O-4226, and O-5746.

In consideration of your Question No. 2, we point out the following:

Article 689a-9, Vernon's Annotated Civil Statutes, provides, in part, as follows:

"The County Judge shall serve as budget officer for the Commissioners' Court in each county, and during the month of July of each year, he, assisted by the County Auditor or by the County Clerk, shall prepare a budget to cover all proposed expenditures of the county government for the succeeding year. Such budget shall be carefully

itemized so as to make as clear a comparison
as practicable between expenditures included
in the proposed budget and actual expendi-
tures for the same or similar purposes.for
the preceding year. The budget must also be
so prepared as to show as definitely as pos-
sible each of the various projects for which
appropriations are set up in the budget and
the estimated amount of money carried in the
budget for each of such projects. . . ."

Article 689a-11, V. A. C. S., provides, in part,
as follows:

"The Commissioners' Court in each county
shall each year provide for a public hearing
on the county budget -- which hearing shall take
place on some date to be named by the Commission-
ers' Court subsequent to August 15th and prior to
the levy of taxes by said Commissioners' Court.
Public notice shall be given that on said date
of hearing the budget as prepared by the County
Judge will be considered by the Commissioners'
Court. Said notice shall name the hour, the date
and the place where the hearing shall be conducted.
Any taxpayer of such county shall have the right
to be present and participate in said hearing.
At the conclusion of the hearing, the budget as
prepared by the County Judge shall be acted upon
by the Commissioners' Court. The Court shall have
authority to make such changes in the budget as in
their judgment the law warrants and the interest
of the taxpayers demand. When the budget has been
finally approved by the Commissioners' Court, the
budget, as approved by the Court, shall be filed
with the Clerk of the County Court, and taxes levied
only in accordance therewith, and no expenditure
of the funds of the county shall thereafter be
made except in strict compliance with the budget
as adopted by the Court. Except that emergency
expenditures, in case of grave public necessity,to
meet unusual and unforeseen conditions which could
not, by reasonably diligent thought and attention,
have been included in the original budget, may
from time to time be authorized by the Court as
amendments to the original budget. In all cases
where such amendments to the original budget is
made, a copy of the order of the Court amending the
budget shall be filed with the Clerk of the County
Court, and attached to the budget originally adopted..."

Article 689a-20, V. A. C. S., provides as follows:

"Nothing contained in this Act shall be construed as precluding the Legislature from making changes in the budget for State purposes or prevent the County Commissioners' Court from making changes in the budget for county purposes or prevent the governing body of any incorporated city or town from making changes in the budget for city purposes, or prevent the trustees or other school governing body from making changes in the budgets for school purposes; and the duties required by virtue of this Act of State, County, City and School Officers or Representatives shall be performed for the compensation now provided by law to be paid said officers respectively. Acts 1931, 42nd Leg., p. 339, ch. 206, § 20a."

In the case of Southland Ice Co., vs. City of Temple, 100 Fed. (2) 825, decided by the Fifth Circuit Court of Appeals, in which such budget law is involved, the following was said:

". . . subdivision 20 of the Budget Law (Art. 689a-20, V. A. C. S., supra) authorizing changes in the budget, must refer to changes within the objects covered by the budget, because if new matters could be added to the budget, then the emergency provision would serve no purpose." (Underscoring and matter within parenthesis added).

In view of the above, our answer to your Question No. 2 is that the County Commissioners' Court is authorized to make changes within the objects covered by the budget forcounty purposes. The county officer, for whose office such budget was made, would have no authority to make such changes. We also point out that the number of deputies appointed and the amount of their salaries is determined by the Commissioners' Court and not by the county officer. Article 3902, V. A. C. S., fixes the maximum salaries to be allowed such deputies.

We take up for consideration your Question No. 3 with the assumption that you refer only to cars or automobiles owned by the sheriff or his deputies. In this respect, we point out

Hon. E. L. Hinson, Jr., page 5

the following: Article 3899 (b), V. A. C. S., in part, provides:

"Where the automobile or automobiles are owned by the sheriff or his deputies, they shall be allowed four (4) cents for each mile traveled in the discharge of official business, which sum shall cover all expenses of the maintenance, depreciation, and operation of such automobile. Such mileage shall be reported and paid in the same manner prescribed for other allowable expenses under the provisions of this section . . ." (Underscoring ours).

The "manner prescribed for other allowable expenses" to be reported and paid under the provisions of said Article 3899 (b) is stated therein as follows:

"Each officer, shall, at the close of each month of his tenure of office, make an itemized and sworn report of all approved expenses incurred by him and charged to his county, accompanying such report with invoices covering such purchases and requisitions issued by him in support of such report. If such expenses be incurred in connection with any particular case, such report shall name such case. Such report, invoices, and requisitions shall be subject to the audit of the county auditor..." (Underscoring added)

We believe that a strict compliance with the above provisions would conform substantially with the requirements set out in your Question No. 3, with the exception of that requiring a showing of all mileage acquired on "personal business" as distinguished from "county business." Such requirement as to "personal mileage" is unauthorized. It should be borne in mind that the actual expenses incurred, such as gas, oil, etc., are not to be reported - just the actual mileage incurred on county business, itemized and sworn to.

Trusting the above fully answers your questions, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By: Robert L. Lattimore Jr.
Robert L. Lattimore, Jr.
Assistant